PROB 12C
(Rev.2011)

# United States District Court
for
Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>Demarco Moore</u>  Case Number: <u>3:09-00099-04</u>

Name of Judicial Officer: <u>Honorable Aleta A. Trauger, U. S. District Judge</u>

Date of Original Sentence: <u>November 19, 2010</u>

Original Offense: <u>21 U.S.C. §§ 846, 841(a)(1) Lesser Included Offense of Conspiracy to Possess With the Intent to Distribute 500 Grams of Cocaine; 18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm</u>

Original Sentence: <u>60 months' custody followed by 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>September 18, 2013</u>

Assistant U.S. Attorney: <u>Lynn Ingram</u>  Defense Attorney: <u>Unassigned</u>

---

### PETITIONING THE COURT

__X__  To issue a Summons.
_____  To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this ____ day of Sept., 2014, and made a part of the records in the above case.

_____
Aleta A. Trauger
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Eric Illarmo
U.S. Probation Officer

Place    Nashville, TN

Date    September 3, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **The defendant shall permit the probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.**

   The defendant violated this condition in that he failed to provide an accurate address to the probation office.

   On September 18, 2013, upon his release to supervision, the defendant submitted his residence to the probation officer. On November 26, 2013, the probation officer visited the submitted address and spoke with an individual who reported that the defendant stayed at the residence only a few nights, upon his release, before moving elsewhere.

   The defendant's residence could not be verified by the probation officer until the defendant submitted his girlfriend's address on June 17, 2014.

2. **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.**

   The defendant used a controlled substance in violation of this condition as evidenced by his positive drug screens for marijuana on June 26, 2014, and for marijuana and cocaine on July 7, 2014. It should be noted that the defendant tested negative for drug use on July 1, 2014. Subsequent drug tests have been negative.

3. **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the United States Probation Office. The defendant shall pay all or part of the costs if the probation officer determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such a treatment.**

   The defendant violated this condition in that he failed to comply with the drug testing program.

   On May 23, 2014, the defendant was contacted by telephone and directed to submit to a drug test at the probation office, but he failed to report as agreed. Multiple calls were made and multiple messages were left by the probation officer; however, the defendant did not report to the probation office until June 10, 2014.

   On that date, the defendant reported at 4:35 p.m. and submitted a diluted urine sample. He was directed to return to the probation office the following morning, but he failed to report as directed. Again, multiple attempts were made to contact the defendant. The defendant failed to respond until he placed a call to the probation office on June 25, 2014, at 8:45 p.m. The probation officer answered and directed the defendant to report the following day to submit to a drug test.

On June 26, 2014, at 3:40 p.m., the defendant reported to the probation office and, again, submitted a diluted urine sample. At 4:37 p.m., a valid urine sample was produced which tested positive for marijuana, as noted above.

4. **The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

The defendant violated this condition in that he failed to notify the probation officer of questioning by law enforcement officers on two occasions. The incidents were discovered by the probation officer using automated record checks.

On April 24, 2014, at 7:12 a.m., law enforcement officers reported to the residence of the defendant's girlfriend to investigate a domestic assault. At that time, the defendant and his girlfriend were questioned. Both parties denied an assault took place, and no further action was taken by the authorities. The defendant failed to report this contact to the probation officer.

On May 11, 2014, at 8:30 p.m., law enforcement officers, again, reported to the residence of the defendant's girlfriend to investigate a domestic assault. The defendant was questioned, and he stated that he restrained his girlfriend during an argument because he believed she intended to strike him. He had scratch marks and fresh blood on his face. The authorities obtained conflicting statements from the defendant's girlfriend and took no further action. The defendant, again, failed to report this contact to the probation officer.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Demarco Moore began his term of supervised release on September 18, 2013, and is currently scheduled to complete his term on September 17, 2016. He is currently employed at IFCO.

On June 17, 2014, the defendant reported to the Guidance Center for an initial treatment needs assessment. At that time, the defendant was diagnosed with Cannabis Abuse- In Remission and Posttraumatic Stress Disorder. The assessment also indicated a high probability that the defendant is substance abuse dependant. The treatment provider recommended twice monthly treatment sessions. The defendant reported to his first treatment session on July 29, 2014, and he has been compliant with the program since that time.

It should be noted that the defendant was not referred for a substance abuse assessment at the outset of supervision, as he had successfully completed the Residential Drug Abuse Program administered by the Federal Bureau of Prisons, and no drug use was initially detected.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that a summons be issued for Mr. Demarco Moore, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to a representative of the U.S. Attorney's office who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. DEMARCO MOORE, CASE NO. 3:09-00099-04

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003  **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 years (Class B felony) <br> *18 U.S.C. § 3583(e)(3)* | 8 to 14 months <br> *U.S.S.G. §7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment <br> *18 U.S.C. § 3583(h)* | 2 to 5 years <br> *U.S.S.G. §5D1.2(a)(1)* | No recommendation |

Revocation is mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release, 18 U.S.C. § 3583(g)(3). Upon a finding, by the preponderance of the evidence, that the defendant violated a condition of supervised release, the Court may revoke the term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term of supervised release, 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of probation or supervised release and/or modify the conditions of supervision, U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted

*Eric Illarmo*
Eric Illarmo
U.S. Probation Officer

Approved:

*Britton Shelton*
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant  <u>Demarco Moore</u>

2. Docket Number (Year-Sequence-Defendant No.)  <u>3:09-00099-04</u>

3. District/Office  <u>Middle District of Tennessee</u>

4. Original Sentence Date  <u>February 3, 2004</u>
   *month day year*

(if different than above):

5. Original District/Office  <u>Same as above</u>

6. Original Docket Number (Year-Sequence-Defendant No.)  <u>Same as above</u>

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| Preventing home visits by the probation officer | C |
| Illegal Drug Use | C |
| Noncompliance with drug testing | C |
| Failure to notify concerning contact with law enforcement | C |

8. Most Serious Grade of Violation (see §7B1.1(b))  **C**

9. Criminal History Category (see §7B1.4(a))  **VI**

10. Range of Imprisonment (see §7B1.4(a))  **8 to 14 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ■ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available. Any term imposed upon revocation shall be ordered to be served consecutively to any sentence of imprisonment, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation. §7B1.3(f).

12. Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| | | |
|---|---|---|
| Restitution($): 0 | Community Confinement: | 0 |
| SA($): 0 | Home Detention: | 0 |
| Other: 0 | Intermittent Confinement: | 0 |

13. Supervised Release

If supervision is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____

The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence.

Period of supervised release to be served following release from imprisonment:_____

14. Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. Official Detention Adjustment (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C. 20004, Attention: Monitoring Unit

1/11/90